## Austin v. Taylor and Woods.

(Decided June 5, 1928.)

### Appeal from Lawrence Circuit Court.

1.  Sales.—In action to recover under contract showing receipt of down payment on automobile which was to be subsequently delivered, evidence held insufficient to establish actionable fraud of plaintiff and third person in securing such receipt as consideration for used automobiles, one of which was to be purchased by such third person who defaulted after making small down payment, and judgment based on conclusion that such contract was procured by fraud was erroneous.

2.  Sales.—Failure of purchaser under contract evidencing down payment on automobile for delivery in the spring to appear and request delivery within required time does not authorize seller to decline, not only to furnish automobile, but also to refuse repayment of down payment.

3.  Sales.—Evidence held insufficient to establish purchaser's breach of contract for purchase of automobile for future delivery by not having offered to carry it out in the spring, in accordance with provisions of contract.

4.  Appeal and Error.—Where action was transferred to equity, over appellant's objections, and on motion of appellees, appellees are thereafter bound by the consequences.

C. F. SEE, JR., for appellant.

STEWART & WOODS, A. O. CARTER and M. S. BURNS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

The foundation for this lawsuit was laid when the following writing was executed:

"Received from A. J. Austin $450.00, four hundred and fifty dollars, payment on a Studebaker to

be delivered in spring of 1925 at the retail price for same and the kind of car to be determined at the time of delivery of same. This July 4, 1924.

Taylor & Woods,
"By J. H. Woods."

Appellant, A. J. Austin, instituted the action. He pleaded the execution and terms of the foregoing instrument and the further fact that in the spring of 1925 he sought to purchase and obtain delivery of a Studebaker car from appellees, Taylor & Woods, and that they refused to sell him one. Because of those facts, he sought to recover the $450 from them. By way of defense they pleaded that the writing was procured by fraud, and that appellant did not demand that they sell him a Studebaker car in the spring of 1925.

On the motion of appellees over appellant's objection, the action was transferred to the equity docket of the court, and was heard and tried as an equitable action. The chancellor concluded that appellant did not manifest a right to the relief sought, and dismissed the petition, and he has filed the record in this court and moved for an appeal.

The evidence herein establishes these facts: Appellees were agents for the Studebaker automobile at Louisa, Ky. Appellant is a farmer, and lives in Carter county. Prior to the execution of the writing sued on, appellees had been endeavoring to sell to appellant a Studebaker car. He was willing to purchase, but wanted to turn in on the deal two used cars owned by him, an Overland and a Ford. Appellees were unwilling to take in two used cars in the deal. These negotiations had been pending for a month or longer. On the day the writing was executed, appellant and Willie Lowe were in Louisa together, and again took up with appellees the question of trading the two old cars in on a deal for a new Studebaker. They advised that Willie Lowe was willing to purchase the Overland car at $225, $25 of which he would pay in cash, and the remaining $200 of which he would pay in monthly installments of $25 each. Appellees then traded with appellant, agreeing to take the Overland and Ford car as $450 payment on a new Studebaker, and to evidence that fact executed and delivered to him the writing sued on. Lowe paid to them $25 in cash, and executed to them his eight notes for $25 each as consideration for the Overland car. Appellant appears to have

furnished part, and perhaps half, of the cash payment, and appellees were cognizant of this fact at the time.

The road between the home of appellant and Louisa was then under construction, and it was impossible to deliver the two old cars into Louisa. According to the agreement, Lowe was to, and did, go to the home of appellant and get the Overland car. He took the car, and kept it something over a month, and then drove it back to a point on the highway in front of appellant's home, and left it. Appellant immediately notified appellees, and they requested him to put it under shelter on his premises, which he did, and there it has remained since. Lowe never paid any more of the purchase price. Appellees argue from these facts that there was manifestly fraudulent collusion between appellant and Lowe. The record falls far short of establishing evidence of actionable fraud. There is no evidence that appellant made any representation as to whether Lowe was solvent or good for the obligation which he assumed or that appellees made any inquiry concerning him along these lines. The latter doubtless were as anxious to sell a new car as the average automobile dealer. Without any suggestion whatever from appellant, they concluded that they were willing to sell the Overland car to Lowe, and risk him to pay the notes for the unpaid purchase price. Appellant was not required to join with him as a maker of, or to indorse the notes or to stand in any way for the undertaking of Lowe. In this state of case this court can but conclude, if the chancellor's judgment was predicated upon the conclusion that the contract sued upon was procured by fraud, that the conclusion is without evidence to support it, and the judgment based thereon erroneous.

The evidence establishes that perhaps the "spring of 1925" had expired before appellant appeared and requested that he be furnished a Studebaker car; it being perhaps in the early days of July before he did so. That fact, of course, would not authorize appellees both to decline to furnish a Studebaker car and to refuse to repay the $450 which appellant had paid them. The most that can be said from the evidence of appellees as to what then occurred is that they then undertook to have appellant account for an additional $100 in the deal for the new car, and at one time even went so far as to agree that he might have the Overland car at $100. There is no merit whatever in the defense attempted to be made

for appellees upon the theory that appellant breached the contract by not offering to carry it out in the spring of 1925.

Without reference to whether or not the trial court erred in transferring this action to equity over appellant's objection, since this was done on the motion of appellees, and they are bound by the consequences, the judgment of the chancellor, being erroneous, is reversed, and the cause is remanded, with direction that a judgment be entered awarding appellant a judgment for the full amount sued for, with interest as prayed.